UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SAMANTHA B. COOK, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:18-cv-00349 |
| FIRSTSOURCE SOLUTIONS USA LLC, d/b/a MEDASSIST, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes SAMANTHA B. COOK ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of FIRSTSOURCE SOLUTIONS USA LLC, d/b/a MEDASSIST ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.*, the Michigan Home Solicitations Sales Act ("HSSA") under M.C.L. § 445.111 *et seq.*, and the Michigan Consumer Protection Act ("MCPA") under M.C.L. § 445.901 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Michigan and a substantial portion of the events or omissions giving rise to the claims occurred in the Western District of Michigan.

## PARTIES

4. Plaintiff is a 41 year-old natural person residing at 1139 Lincoln Avenue, Lot 152, Holland, Michigan, which lies within the Western District of Michigan.

5. Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39).

6. Defendant provides business process management solutions to organizations in the healthcare industry. Defendant is a limited liability company organized under the laws of the state of Delaware with its registered agent located at 306 West Main Street, Suite 512, Frankfort, Kentucky.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In approximately February 2016, Plaintiff began receiving phone calls to her cellular phone, (616) XXX-4319, from Defendant.

10. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 4319. Plaintiff is and has always been financially responsible for the cellular phone and its services.

11. Defendant has called plaintiff's cellular phone using multiple phone numbers, including but not limited to: (877) 554-5422.

12. Upon information and belief, the aforementioned phone number ending in 5422 is regularly utilized by Defendant to make outgoing calls to consumers it is soliciting.

13. When Plaintiff has answered calls from Defendant, she has experienced a recorded message and noticeable pause before being connected with a live representative.

14. Upon answering Defendant's calls, Plaintiff was solicited by Defendant to enroll in its medical assistance program.

15. Plaintiff informed Defendant that she was no interested in its services, and demanded that it stop contacting her.

16. Despite Plaintiff's demands, Defendant continued to systematically call her cellular phone well into the end of 2016.

17. Plaintiff has received not less than 20 phone calls from Defendant since she demanded that it cease contacting her.

18.  With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $51.00 to purchase and maintain an application subscription on her cellular phone to block the calls, resulting in pecuniary loss.

19. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding her rights resulting in costs and expenses.

20.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted solicitation calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the repeated calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

23. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The recorded message and noticeable pause that Plaintiff experienced on answered calls from Defendant is instructive that an ATDS was being utilized to generate the phone calls. Similarly, the frequency and nature of Defendant's calls further indicate the use of an ATDS.

24. Defendant violated the TCPA by placing at least 20 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Plaintiff was not interested in Defendant's services and is unaware as to how it even obtained her phone number. Nevertheless, any consent that Plaintiff *may* have given to Defendant to call her cellular phone was explicitly revoked by her demands that it cease contacting her.

25. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

26. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, SAMANTHA B. COOK, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE MICHIGAN HOME SOLICITATION SALES ACT

27. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a "person" as defined by M.C.L. § 445.111(k).

29. Defendant is a "person" as defined by M.C.L. § 445.111(k).

30. Defendant's calls to Plaintiff are "telephone solicitation[s]" as defined by M.C.L § 445.111(m) as they are voice communications over a telephone made for the purpose of encouraging Plaintiff to purchase, rent, or invest in Defendant's goods or services.

31. Defendant is a "telephone solicitor" as defined by M.C.L. § 445.111(n) as it is a person doing business in Michigan who makes or causes to be made telephone solicitations from within or outside Michigan.

32. The HSSA, under M.C.L. § 445.111c(1)(g), provides that it is a violation of the Act for a telephone solicitor to "[m]ake a telephone solicitation to a consumer in this state who has requested that he or she not receive calls from the organization or other person on whose behalf the telephone solicitation is made."

33. Defendant violated M.C.L. § 445.111c(1)(g) by continuing to place solicitation calls to Plaintiff's cellular phone after Plaintiff had demanded that such calls cease. Plaintiff clearly informed Defendant she was not interested in its services and demanded that she no longer receive calls from Defendant. As such, by continuing to place calls attempting to solicit Plaintiff's business after such demands were made, Defendant violated the HSSA.

WHEREFORE, Plaintiff, SAMANTHA B. COOK, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages, pursuant to M.C.L. § 445.111c(3);

c. Awarding statutory damages of at least $250.00, pursuant to M.C.L. § 445.111c(3);

d. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 445.111c(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE MICHIGAN CONSUMER PROTECTION ACT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "person" as defined by M.C.L. § 445.902(1)(d).

36. Defendant is a "person" as defined by M.C.L. § 445.902(1)(d).

37. Defendant's conduct involves "trade and commerce" as defined by M.C.L. § 445.902(1)(g) as it is conduct of a business providing services primarily for personal, family or household purposes, including the solicitation of such services.

38. The MCPA, under M.C.L § 445.903, provides that "unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful . . . ." The MCPA

6

then provides an extensive list of specific unfair, unconscionable, and deceptive conduct constituting violations of the MCPA.

39. As illustrated below, Defendant violated several of those specific provisions.

### a. Violations of M.C.L. § 445.903(1)(b)

40. The MCPA, pursuant to M.C.L. § 445.903(1)(b), prohibits an entity from "[u]sing deceptive representations . . . in connection with goods or services."

41. Defendant violated M.C.L. § 445.903(1)(b) when it used deceptive means to attempt to solicit Plaintiff's business. Defendant repeatedly made solicitation calls to Plaintiff after being told to stop calling. Through its conduct, Defendant deceptively represented to Plaintiff that it had the legal ability to contact her via an automated system after Plaintiff demanded that such calls cease.

### b. Violations of M.C.L. § 445.903(1)(n)

42. The MCPA, pursuant to M.C.L. § 445.903(1)(n) prohibits an entity from "[c]ausing a probability of confusion of or misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction."

43. Defendant violated M.C.L. § 445.903(1)(n) when it continued to call Plaintiff using an automated system absent consent. Through its conduct, Defendant represented to Plaintiff that, notwithstanding Plaintiff's demands that it cease calling, Defendant maintained the lawful ability to continue calling. Such conduct caused a probability of confusion as to Plaintiff's legal rights, as such conduct suggests that Plaintiff could not get Defendant's calls to stop merely by asking. However, under both the TCPA and Michigan law, Defendant was obligated to cease attempts at soliciting Plaintiff's business using an automated system after consent for such calls had been explicitly revoked. By continuing to call notwithstanding Plaintiff's demands, Defendant caused a probability of confusion as to Plaintiff's legal rights to have the solicitation calls stop.

### c. Violations of M.C.L. § 445.903(1)(gg)

44. The MCPA, pursuant to M.C.L. § 445.903(1)(gg), provides that it is a violation of the MCPA to violate the HSSA.

45. As illustrated above, Defendant violated the HSSA by continuing to solicit Plaintiff's business after Plaintiff demanded that such calls cease. Therefore, Defendant's conduct also constitutes a violation of the MCPA.

WHEREFORE, Plaintiff, SAMANTHA B. COOK, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Enjoining Defendant from continuing its conduct, pursuant to M.C.L. § 445.911(1)(b);

c. Awarding Plaintiff actual damages, pursuant to M.C.L. § 445.911(2);

d. Awarding statutory damages of at least $250.00, pursuant to M.C.L. § 445.911(2);

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 445.911(2);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 28, 2018                                   Respectfully submitted,

s/ Nathan C. Volheim                                    s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                        Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                   Counsel for Plaintiff
Admitted in the Western District of Michigan            Admitted in the Western District of Michigan
Sulaiman Law Group, Ltd.                                Sulaiman Law Group, Ltd
2500 South Highland Avenue, Suite 200                   2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148                                 Lombard, Illinois 60148
(630) 575-8181 x113 (phone)                             (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                                    (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                thatz@sulaimanlaw.com